36931. PITMAN *et al. v.* HEDGEPETH.

DECIDED JANUARY 30, 1958.

*C. Lanier Randall, Jr.*, for plaintiffs in error.
*Sam G. Dettelbach*, contra.

FELTON, Chief Judge. The contract provided (1) that commissions should be paid upon receipt of moneys from purchasers; (2) that Wood B. Hedgepeth would supervise and instruct purchasers in the operation of all machinery sold and, to the best of his ability, mechanically adjust machines to complete satisfaction of customers; and (3) that in the event of cancellation of the contract during the ninety-day period provided, Wood B. Hedgepeth would continue to supervise installation and operation of all machines delivered during the cancellation period.

Numerous contracts were involved but, under the entire evidence, the question whether the defendants were liable boiled down to the simple question whether the plaintiff was entitled to commissions on two sales, one to Kelling Nut Company and one to Fisher Nut Company. The defendants contend that the evidence demanded the verdict in their favor for the reason that

the plaintiff did not fully perform his agreement with reference to these two sales in that he failed to supervise the installation of the machines. The plaintiff contends that the evidence did not demand the verdict for the defendants for the reason that there was a conflict in the evidence as to whether the plaintiff failed in his obligation to supervise installation of the machines. The plaintiff in the trial court contends that he was not obligated to supervise the installation of the machinery until he was requested or commanded to do so. We do not think this contention is correct for the reason that the plaintiff agreed in the contract to supervise installation of the machines and, under all the facts and circumstances shown by the evidence, the plaintiff was obligated to supervise installation of the machines without a request or a command. However, it was incumbent upon the defendants to notify the plaintiff when machinery was delivered to the purchaser by the defendants so that he would know when the time came for him to perform his obligation to supervise the installation. If, as the defendants contend, the evidence had shown without dispute that the plaintiff did not perform his obligation with reference to supervising the installation of the machinery sold to Kelling Nut Company and Fisher Nut Company, the grant of a new trial would have been error. However, in the matter of the Kelling Nut Company sale, the evidence is in dispute as to whether the plaintiff was relieved of his obligation to supervise installation of the machinery. The plaintiff testified that he was willing and offered to supervise the installation of this machinery but that Mr. Eugene W. Pitman informed him that he intended to install the machinery himself. This was denied by Mr. Pitman and formed an issue of fact for the jury. If the jury on another trial accepts the plaintiff's testimony as to this matter, he would be entitled to recover his commission on the Kelling Nut Company sale inasmuch as his burden is to prove that he performed under the contract or was relieved from the obligation of so doing.

The plaintiff contends that the contract provides that the commissions are due to the plaintiff upon payment of the machinery by the purchasers and that the burden would be on the defendant to show failure on a condition subsequent to either defeat or reduce the amount of commission. This contention is without

merit for the reason that under the contract and the evidence in the case the purchase price of the machinery was not due until it was delivered and satisfactorily installed.

The defendants contend further that the evidence demanded a verdict for them for the reason that the contract was an entire one and that the plaintiff was not entitled to recover because he did not show full performance of the entire contract. This contention is not correct because the plaintiff's right to recover commission on any sale matured upon payment for the machinery by the purchasers. It is true, however, that the plaintiff would have to prove performance on his part as to each individual sale, or an excuse for nonperformance, before he would be entitled to recover a commission on the particular sale.

Since the evidence did not demand the verdict for the defendants, the court did not err in granting a new trial on the general grounds.

*Judgment affirmed. Quillian and Nichols, JJ., concur.*